UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

RONALD SATISH EMRIT,

    Plaintiff,

v.                                                                                     No. 1:24-cv-00144-GJF

THE GRAMMY AWARDS ON CBS
d/b/a THE RECORDING ACADEMY/NATIONAL
ACADEMY OF RECORDING ARTS AND SCIENCES,

    Defendant.

**MEMORANDUM OPINION AND ORDER
TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint, Doc. 1, filed February 12, 2024.  Plaintiff is a resident of Florida.  *See* Complaint at 2, 10-14 (also stating he is a "resident of the state of Florida and Maryland (the plaintiff spends half of the year in Florida and the other half in Maryland)"); Application to Proceed in District Court Without Prepayment of Fees or Costs at 5, Doc. 2, filed February 12, 2024 (stating Plaintiff's "legal residence" is in Florida).  Defendant "has a principal place of business" in Santa Monica, California, and "has a phone number . . . in their Los Angeles office."  *See* Complaint at 2.  Plaintiff, who is "a black man or African-American," asserts a racial discrimination claim alleging Defendant did not reinstate his Grammys membership.  *See* Complaint at 5-6, 8.  Plaintiff states "Venue in this jurisdiction is also proper pursuant to 28 U.S.C.A. Sections 1391 and 1400" but does not explain why the District of New Mexico is the proper venue for this case.

Section 1391, the statute governing venue in general, states:

**Venue in general.**--A civil action may be brought in—

>**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
>**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Section 1400, the venue statute regarding patents and copyrights, mask works, and designs, states:

>(a) Civil actions, suits, or proceedings arising under any act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found.
>
>(b) Any civil action for patent infringement may be brough in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

28 U.S.C. § 1400.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

The Court concludes that the District of New Mexico is not the proper venue for this case because Defendant does not reside in the District of New Mexico and there are no allegations that any of the events or omissions giving rise to Plaintiff's claims occurred in the District of New Mexico or that Defendant has a regular and established place of business in the District of New Mexico.  The Court transfers this case the Central District of California because Defendant resides in, and it appears the events or omissions giving rise to this case occurred in, the Central District of California.

**IT IS ORDERED** that this case is **TRANSFERRED** to the Central District of California.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE